## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

JESUS GONZALEZ, an individual,

                Plaintiff,                            CASE NO.:

vs.

M2 MIAMI AIRPORT BLUE LAGOON
TENANT, LLC d/b/a HILTON MIAMI
AIRPORT BLUE LAGOON, a Delaware
corporation,

                Defendant.

_____/

## COMPLAINT

Plaintiff, JESUS GONZALEZ (hereinafter "Plaintiff"), sues M2 MIAMI AIRPORT BLUE LAGOON TENANT, LLC d/b/a HILTON MIAMI AIRPORT BLUE LAGOON (hereinafter "Defendant"), for injunctive relief, attorneys' fees and costs, including but not limited to disbursements, court expenses and fees, pursuant to 42 U.S.C. § 12181 *et seq*. (hereinafter "AMERICANS WITH DISABILITIES ACT" or "ADA") and the ADA Accessibility Guidelines 28 C.F.R. Part 36 (hereinafter "ADAAG"), and alleges as follows:

## JURISDICTION AND VENUE

1.      This is an action for declaratory and injunctive relief brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. This Court is vested with original jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and § 1343.

2.      Venue is proper and lies in this Court pursuant to 28 U.S.C. §1391 in that the transaction or occurrence giving rise to this lawsuit occurred in the Southern District of Florida.

## THE PARTIES

3.      At all times material hereto, Plaintiff, JESUS GONZALEZ, was and is over the age of 18 years, *sui juris*, and a resident of the State of Florida.

4.      Plaintiff has at all material times suffered from a "qualified disability" under the ADA. Plaintiff has been diagnosed with paraplegia and uses a wheelchair for mobility purposes.

5.      Defendant, M2 MIAMI AIRPORT BLUE LAGOON TENANT, LLC d/b/a HILTON MIAMI AIRPORT BLUE LAGOON, is a Delaware corporation, authorized to doing and doing business in this District; specifically, Defendant owns and does business as the Hilton Miami Airport Blue Lagoon, located at 5101 Blue Lagoon Drive, in Miami, Florida (referred to herein as the "Subject Property").

6.      All events giving rise to the instant action occurred in Miami, Florida.

7.      Venue is proper in the Southern District of Florida in that the Subject Property is located in the State of Florida, County of Miami-Dade.

## COUNT I
## VIOLATIONS OF THE ADA

8.      Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

9.      On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

10.     Congress specifically found, *inter alia*, that:[1]

a.      Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

---

[1] 42 U.S.C. § 12101(a)(1) – (3), (5), and (9).

b.      Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

c.      Discrimination against individuals with disabilities persists in such critical areas of employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

d.      Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

e.      The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

11.     Congress explicitly set forth the purpose of the ADA; to wit:[2]

(i)     Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    Provide a clear, strong, consistent, enforceable standard addressing discrimination against individuals with disabilities; and,

---

[2] 42 U.S.C. § 12101(b) (1) (2) and (4).

(iii)     Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

12.     The congressional legislation gave places of public accommodation a time period of up to one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA.

13.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[3]

14.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA (the "ADAAG").[4]

15.     Upon information and belief, the Subject Property has begun operations, and/or has undergone substantial remodeling, repairs and/or alterations since January 26, 1992, and/or has sufficient income to make readily achievable accessibility modifications.

16.     Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[5]

17.     The plaintiff is a resident of Coral Gables, Florida. On November 26, 2022, Plaintiff visited the Subject Property for breakfast, and encountered numerous barriers to access including excessive pressure to open the bathroom door, inaccessible bathroom size and features, inaccessible bar area, and inaccessible seating.

---

[3] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).
[4] 29 C.F.R. Part 36.
[5] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

18. A subsequent pre-suit expert inspection of the Subject Property confirmed these and other ADA and ADAAG violations applicable to Plaintiff's disability, to wit:

a. **<u>Accessible Parking Spaces</u>**

    i. Designated accessible parking spaces are located on an excessive slope. Violation: Some of the accessible parking spaces are located on a non-compliant slope in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

    ii. The access aisle is not marked as per local laws or regulations. The spaces between blue and white. Advisory 502.3.3 Marking. The method and color of marking are not specified by these requirements but may be addressed by State or local laws or regulations. As per the FBC Fig. 9, FDOT Index # 17346, the space between the blue and white line is 2" and the access aisle is measure from the centerline of the white lines.

b. **<u>Bar - Reception Area</u>**

    i. The lower counter does not provide the required knee clearance. Violation: The lower portion of the bar counter has a non-compliant horizontal projection knee clearance, violating Section 4.32.3 of the ADAAG and Section 902.2 of the 2010 ADA Standards, whose resolution is readily achievable.

    ii. The seating provided at the facility does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

c. **<u>Bar - Pool Area</u>**

    i.   The bar counter is mounted too high. Violation: There is no lower portion of the bar counter provided, violating Section 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    ii.   The lower counter does not provide the required knee clearance. Violation: The lower portion of the bar counter has a non-compliant horizontal projection knee clearance, violating Section 4.32.3 of the ADAAG and Section 902.2 of the 2010 ADA Standards, whose resolution is readily achievable.

**d.  Men's Accessible Restroom by Pool Area**

    i.   The bar counter is mounted too high. Violation: There is no lower portion of the bar counter provided, violating Section 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    ii.   The lower counter does not provide the required knee clearance. Violation: The lower portion of the bar counter has a non-compliant horizontal projection knee clearance, violating Section 4.32.3 of the ADAAG and Section 902.2 of the 2010 ADA Standards, whose resolution is readily achievable.

    iii.   The door without assistance does not have the required door pressure. Violation: Door has a non-compliant opening force. Section 4.13.11 of the ADAAG and 404.2.9 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.  The urinal is does not have the required clear floor space floor space.
Violation: Urinal is mounted in a 30" wide and 41.75" deep alcove. Section
4.2.4.2 of the ADAAG and Section 305.7.1 of the 2010 ADA Standards,
whose resolution is readily achievable.

v.   The lavatory does not provide knee clearance. Violation: Lavatory does not
provide the required knee clearance above the finished floor to bottom
leading edge of fixture at 8" horizontal projection. Section 4.19.2 of the
ADAAG and Section 606.2 of the 2010 ADA Standards, whose resolution
is readily achievable.

vi.  The mirror is mounted too high. Violation: The mirror provided in the
restroom is in violation of the requirements in Section 4.19.6 of the
ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution
is readily achievable.

vii. The stall door is missing pull handles. Violation: Toilet compartment (stall)
door does not provide pull handles on both sides of the door near the latch.
Sections 4.27.4 of the ADAAG and Sections 604.8.1.2 of the 2010 ADA
Standards, whose resolution is readily achievable.

viii. The stall door as the toilet compartment (stall) door does not provide self-
closing hinges. Sections 4.17.5 of the ADAAG and Sections 604.8.1.2 of
the 2010 ADA Standards, whose resolution is readily achievable.

ix.  The side wall grab bar does not have the required clearance. Violation: The
seat cover dispenser is mounted over the side wall grab bar at the wrong

height not providing the required clearance. Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

x.  The toilet tissue dispenser is not mounted at the required location. Violation: The toilet tissue dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

xi.  The side wall grab bar is mounted at a non-compliant distance from the rear wall. Violation: Water closet side wall grab bar is mounted at a non-compliant distance from the rear wall to the centerline of its outer flange. Sections 4.16.4 of the ADAAG and Sections 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

xii.  The side wall grab bar is mounted to high. Violation: Water closet side wall grab bar is mounted at a non-compliant height above the finished floor to the top of the gripping surface. Sections 4.16.4 of the ADAAG and Sections 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

xiii.  The rear wall grab bar does not have the required clearance. Violation: The paper towel dispenser is mounted over the rear wall grab bar at the wrong height not providing the required clearance. Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

xiv.  The lavatory pipes are not wrapped. Violation: The lavatory bottom supply and/or drain pipes are not fully wrapped or maintained due to the lack of maintenance violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

    xv.   The soap dispenser is not mounted at the required location. Violation: The soap dispenser is not mounted in accordance with Section 4.2.5 of the ADAAG and Section 308.2.1 of the 2010 ADA Standards, whose resolution is readily achievable

**e.  <u>Men's Accessible Restroom by Ballroom</u>**

    i.   The door does not have the required door pressure. Violation: Door has a non-compliant opening force. Section 4.13.11 of the ADAAG and 404.2.9 of the 2010 ADA Standards, whose resolution is readily achievable.

    ii.   The lavatory pipes are not wrapped. Violation: The lavatory bottom supply and/or drain pipes are not fully wrapped or maintained due to the lack of maintenance violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

    iii.   The toilet compartment (stall) door does not provide self-closing hinges. Sections 4.17.5 of the ADAAG and Sections 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

    iv.   The side wall grab bar does not have the required clearance. Violation: The seat cover dispenser is mounted over the side wall grab bar at the wrong height not providing the required clearance. Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    v.   The urinal does not have the required clear floor space floor space. Violation: Urinal is mounted in a 30" wide and 41.75" deep alcove. Section 4.2.4.2 of the ADAAG and Section 305.7.1 of the 2010 ADA Standards, whose resolution is readily achievable.

        vi.  The coat hook is not mounted at the required location. Violation: The coat hook is not mounted in accordance with Section 4.2.5 of the ADAAG and Section 308.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

19.    This is not intended as a complete list of ADA and ADAAG violations at the Subject Property. Additional violations will be set forth within Plaintiff's expert disclosures and report, following inspection made pursuant to Fed. R. Civ. P. 34.

20.    Remediating the ADA and ADAAG violations set forth herein is both technically feasible and readily achievable.

21.    Plaintiff intends to visit the Subject Property again in the future (upon Defendant' compliance with an Order of this Court requiring that Defendant remedy the subject ADA violations), as a tester of ADA compliance, in order to utilize goods, services, facilities, privileges, advantages and/or accommodations offered at the Subject Property; however, in light of his disabilities, unless and until the Subject Property is brought into compliance with the ADA and its implementing regulations, Plaintiff will remain unable to fully, properly, and safely access the Subject Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

22.    As a result of the foregoing, Defendant has discriminated against Plaintiff and others with disabilities, by denying full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Property. Defendant' discrimination is specifically prohibited by 42 U.S.C. § 12182, *et seq*. Such will continue unless and until Defendant is compelled by this Court to remove all physical barriers upon the Subject Property

DocuSign Envelope ID: 9CE30AD8-7BA8-4682-9FBB-A6E14EF5350B

which violate the ADA and ADAAG, including but not limited to those specifically set forth herein, and to make the Subject Property, accessible to and usable by persons with disabilities.

23.     This Court is vested with authority to grant injunctive relief, including entry of an Order requiring alteration and modification of the Subject Property, and/or alteration and modifications to Defendant' policies and procedures, so as to make the Subject Property readily accessible to and useable by individuals with disabilities to the extent required by law.

24.     Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and has agreed to pay counsel reasonable attorneys' fees, costs, and litigation expenses, all of which are recoverable against the Defendant.[6]

WHEREFORE, Plaintiff hereby demands judgment against the Defendant, and requests the following injunctive and declaratory relief:

a)     A declaration that the Subject Property owned, leased, operated, and/or controlled by Defendant is in violation of the ADA;

b)     An Order requiring Defendant to alter their facilities and amenities to make them accessible to and useable by individuals with disabilities as required by Title III of the ADA;

c)     An Order issuing a permanent injunction ordering Defendant to close the Subject Property and cease all business until Defendant remove all violations under the ADA, including but not limited to the violations set forth herein;

d)     An award of reasonable attorneys' fees, costs, disbursements and other expenses associated with this action, in favor of the Plaintiff; and

e)     For such other and further relief that this Court deems just, necessary and proper.

DATED this **15th** day of **January,** 2024.

---

[6] 42 U.S.C. §§ 12205, 12117

DocuSign Envelope ID: B9E30AD9-7BA8-4682-9F2B-A6E14EF5350B

Respectfully Submitted,

**LAW OFFICES OF NOLAN KLEIN, P.A.**
*Attorneys for Plaintiff*
5550 Glades Road, Suite 500
Boca Raton, FL 33431
PH: (954) 745-0588

By:   */s/ Nolan Klein*
NOLAN KLEIN, ESQ.
Florida Bar No. 647977
klein@nklegal.com
amy@nklegal.com

and

**ENTIN LAW GROUP, P.A.**
*Co-counsel for Plaintiff*
1213 S.E. Third Avenue
Fort Lauderdale, FL 33316
Tel: (954) 761-7201

By:   */s/ Joshua M. Entin*
JOSHUA M. ENTIN, ESQ.
Florida Bar No. 493724
josh@entinlaw.com

<u>**VERIFICATION**</u>

I hereby certify that I have read the allegations in the above complaint and the allegations
are true and correct to the best of my knowledge, information, and belief.

DocuSigned by:

*Jesus Gonzalez*                                  1/15/2024
2F098809448488...
JESUS GONZALEZ